O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ADRIEN SANDOVAL, | ) | Case No. CV 11-05874 DDP (VBK) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR RECONSIDERATION** |
| v. | ) | |
| | ) | [Dkt. 24] |
| LOS ANGELES COUNTY SHERIFFS | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the court is pro se Plaintiff Adrien Sandoval's Motion for Reconsideration of the Court's August 5, 2013 Order accepting the findings and recommendations of the United States Magistrate Judge and dismissing the Complaint. (Dkt. 22) Having reviewed Plaintiff's submissions, the court DENIES the Motion and adopts the following Order.

Plaintiff filed the instant civil rights action on July 21, 2011. (Dkt. 3.) On July 6, 2012, the court issued a Minute Order directing Plaintiff to submit an initial partial payment of $10.00 ("initial fee") and to complete a court-provided "Consent to the

1  Collection of Fees From Trust Account" form ("Consent Form") by August 1, 2012. (Dkt.
2  13.) Plaintiff was also advised that failure to comply with the court's order would result
3  in dismissal of the action. Plaintiff did not timely submit either the initial fee or the
4  Consent Form. Accordingly, on August 7, 2012, the Magistrate Judge issued a Report and
5  Recommendation recommending that the action be dismissed without prejudice. (Dkt.
6  15.)
7      On October 15, 2012, the court received Plaintiff's Consent Form but not the initial
8  fee. (*See* Dkt. 17.) On April 10, 2013, the court issued a second Minute Order noting that
9  Plaintiff had failed to submit the initial fee and ordering the Plaintiff to submit the initial
10 fee by May 1, 2013. (Dkt. 18.) Plaintiff was again warned that failure to comply with the
11 court's order would result in dismissal. Plaintiff again failed to respond to the court's
12 Order and, on August 5, 2013, the court issued an Order dismissing the action for failure
13 to prosecute or to comply with the court's orders. *See* Fed. R. Civ. P. 41(b).
14     On August 12, 2016, more than three years after the court's Order dismissing the
15 case was issued, Plaintiff filed the instant Motion for Reconsideration under Federal Rule
16 of Civil Procedure 60(b). (Dkt. 24.) As an initial matter, a motion for reconsideration
17 under Rule 60(b) "must be made within a reasonable time" and "for reasons (1), (2), and
18 (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Given
19 the three-year delay in seeking reconsideration, only relief under Rule 60(b)(4), (5), and
20 (6) are available to Plaintiff. Plaintiff does not contend, nor can the court find any reason,
21 why reasons (4) and (5) would apply to the instant motion, as the judgment is not "void"
22 nor "based on an earlier judgment that has been reversed or vacated." *See* Fed. R. Civ. P.
23 60(b)(4), (5).
24     Rule 60(b)(6) is a catchall provision that allows district courts to grant relief from a
25 final judgment for "any other reason that justifies relief." This provision typically
26 provides relief when "extraordinary circumstances" have prevented an appeal. *Tomlin v.*
27 *McDaniel*, 865 F.2d 209, 211 (9th Cir. 1989); *see Martella v. Marine Cooks & Stewards Union,*
28 *Seafarers Int'l Union of N. Am., AFL-CIO*, 448 F.2d 729, 730 (9th Cir. 1971) ("In order to

1 bring himself within the limited area of Rule 60(b) (6) a petitioner is required to establish
2 the existence of extraordinary circumstances which prevented or rendered him unable to
3 prosecute an appeal.") Plaintiff contends that his intermittent confinement in
4 administrative segregation starting in November 2012 and the fact that his legal
5 documents were allegedly misplaced by prison authorities from November 20, 2012 until
6 mid-April 2016 constitute such extraordinary circumstances. (*See* Mot. 2-3.) Neither of
7 these reasons meets the bar set by Rule 60(b)(6).

8       Plaintiff's account of his confinement in administrative segregation does not
9 explain either the lengthy delay before filing for reconsideration or the failures to comply
10 with the court's previous Orders. On July 6, 2012, the court first directed Plaintiff to pay
11 the initial fee by August 1, 2012. Plaintiff now explains that he failed to comply with this
12 order because he was placed in administrative segregation on November 20, 2012. This
13 does not account for why Plaintiff failed to make the required payment by the August 1
14 deadline or any time before his November confinement in administrative segregation.
15 From the Motion, it appears that Plaintiff assumed submitting the "Consent to the
16 Collection of Fees" form would have satisfied his obligation to pay the initial fee and the
17 ongoing monthly installments. This was mistaken and, as the court clarified in its second
18 Minute Order on April 10, 2013, Plaintiff was obliged to both make an initial partial
19 payment *and* submit a "Consent to the Collection of Fees" form.[1] This time, Plaintiff was

---

[1] To the extent that it helps Plaintiff better understand how the filing fees operate in the future, the court briefly notes the structure and rationale of the initial partial payment and ongoing collection requirements set forth in 28 U.S.C. § 1915.
    Prior to 1996, indigents prisoners, like all other indigent persons could file civil actions without paying filing fees. *See* 28 U.S.C. § 1915(a)(1). However, when Congress enacted The Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-66, it placed a number of limitations on prisoner litigation in federal court. One of these limits was that when a prisoner files a civil action or appeal in forma pauperis, he or she is still "required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1).
    Limiting the amount a prisoner is responsible for paying at any one time, the statute requires the prisoner to make a one-time payment or "initial partial filing fee" of "20 percent of the greater of" the average monthly deposits in the prisoner's account or the average monthly balance over the preceding six months. *Id.* In this case, Plaintiff's initial partial filing fee was calculated as $10. After that, prisoners must pay monthly installments of "20 percent of the preceding month's income credited to the prisoner's account" until the filing fee is paid in full. *Id.* § 1915(b)(2). Thus, when Plaintiff returned

3

1  given until May 1, 2013 to comply with the court's Order. Plaintiff notes that he was
2  again placed in administrative segregation "on or about 2013" and "on or about 2014."
3  Plaintiff does not specify when during these time periods he was in administrative
4  segregation or why he was specifically unable to comply with the court's April 10, 2013
5  Order.
6      Even assuming that Plaintiff was somehow prevented from complying with the
7  court's order because of intermittent confinement in administrative segregation, the only
8  explanation for the three-year delay in seeking reconsideration was that prison
9  authorities had misplaced Plaintiff's property from November 2012 until July 2016.
10  According to Plaintiff, without access to his property, Plaintiff could not find his case
11  number to check on the status of proceedings. From the evidence Plaintiff has submitted,
12  it does appear that Plaintiff reported losing some personal property while in
13  administrative segregation, but the reports do not support Plaintiff's contention that he
14  lost relevant legal files. To the contrary, it appears that, while in administrative
15  segregation, Plaintiff was allowed to examine his property in order to review certain
16  legal files. (*See* Mot., Ex. 3.) On that occasion, Plaintiff reported that certain personal
17  articles were missing but did not make any claim about legal files. Moreover, Plaintiff has
18  not satisfied the high burden of showing that he had no way of accessing his case details
19  without the allegedly lost property. Accordingly, the court DENIES Plaintiff's Motion for
20  Reconsideration.
21  **IT IS SO ORDERED.**
22
23  Dated: December 12, 2016
24
25                                                    DEAN D. PREGERSON
26                                        UNITED STATES DISTRICT JUDGE
27  ─────────────────────────
28  the "Consent to Collection of Fees" form, he approved the monthly installments but did not pay the initial filing fee.

4